**FISCAL COURT OF CAMPBELL COUNTY, Kentucky, et al., Appellants,**

**v.**

**BOARD OF EDUCATION OF CAMPBELL COUNTY, Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 25, 1975.

George Muehlenkamp, Raymond E. Lape, Jr., Kevin E. Quill, Asst. Campbell County Atty., Newport, Robert E. Sanders, Special Counsel, Covington, for appellants.

Ben B. Fowler, Frankfort, Carl H. Ebert, Newport, for appellee.

JONES, Justice.

On February 19, 1973, the Fiscal Court of Campbell County levied a 3 per cent tax on utilities in the Campbell County and the Bellevue Independent School Districts.

On April 2, 1973, a petition for a referendum on the tax, containing a number of names equal to 15 per cent of the votes cast in each school *district* at the last preceding Presidential election, was filed with the fiscal court. The fiscal court entered an order suspending the levy and directed the question of the tax levy to be placed on the ballot in each district at the May 1973 primary.

The fiscal court rescinded that order on April 16, 1973, because the statute required the recall election to be held at a regular rather than a primary election. The fiscal court reordered the recall election to be held at the regular election on November 6, 1973.

The county board of education appealed the fiscal court order of April 16, 1973, to the Campbell Circuit Court.

The trial court held invalid the fiscal court's order of April 16, 1973, suspending the levy and directing the election.

Although the fiscal court presents other questions in this appeal, the main issue is:

Did the trial court err in holding that 15 per cent (15%) of the specified voters countywide must sign a recall petition, rather than 15 per cent (15%) of the specified voters in the school district requesting the levy?

In 1966 the legislature enacted a statute authorizing "one or more boards of education of school districts which contain at least ninety per cent (90%) of the county's inhabitants . . . [to] request the fiscal court to levy [a utility tax]." KRS 160.593. In 1972 the legislature amended the statute to allow any school district to request the levy even though other districts within the county failed or refused to join in the request.

The statutory provision for recall in force in 1973 was as follows:

"(2) The order or resolution of the fiscal court imposing license fees pursuant to subsections (1), (2), or (4) of KRS

160.484 shall go into effect thirty (30) days after its passage. If during the thirty (30) days next following the passage of the order or resolution a petition signed by a number of registered and qualified voters equal to fifteen per cent (15%) of the votes cast in the *county* (emphasis added) for the office receiving the greatest total vote at the last preceding presidential election is presented to the fiscal court protesting against passage of the order or resolution, the order or resolution shall be suspended from going into effect until after the election referred to in subsection (3) of this section. Each sheet of the petition shall contain the names and addresses of voters in but one (1) voting precinct, and each sheet shall state the name, number, or designation of the precinct and, where applicable, the name, designation, or number of the district or ward wherein the precinct is situated. Each voter shall sign his name in the same manner as he signed the current registration form described in KRS 117.630 or subsection (2) of KRS 117.720, as the case may be. If the signature is difficult to read, the voter shall, on the same line legibly write or print his name in the same fashion as he signed it. One or more persons shall verify by affidavit the signatures and addresses of the signers of the petition. The board or boards of registration in the county shall give necessary and appropriate aid to the fiscal court so that the latter body may make the initial, but not conclusive, determination of whether the petition contains enough signatures of qualified voters to suspend the effect of the order or resolution." KRS 160.485(2).

■ This court is of the opinion that the provision for the number of signatures required for a recall petition was clear. It required a number of signatures equal to 15 per cent (15%) of the votes cast for the office receiving the greatest total vote in the last preceding Presidential election in the *entire county*.

Robert T. Nau, County Court Clerk of Campbell County, in an affidavit stated that at the last preceding Presidential election the number of votes cast for the office receiving the greatest number of votes in Campbell County was 29,445. William Corbin checked the registration books of Campbell County for the purpose of verifying the names contained on the petition for recall. He made an affidavit that the petition contained 2,017 names. It is obvious that this number is far less than the required 15 per cent (15%). The actual number of names required under the formula contained in the statute was 4,417.

■ This was the basis for the trial court's finding that the petition was not in compliance with KRS 160.485(2). It is the opinion of this court that the fiscal court of Campbell County was not authorized to order the levy suspended pending a recall election beyond the term of the agreement with the board of education.

■ The fiscal court contends that the action of the legislature in 1974 [1] is the applicable law in this controversy. This court does not agree with that premise. The levy was made in 1973 under the provisions of the law in effect at that time. The board chose to stand by the 1973 levy. That levy is effective because the recall petition was insufficient.

The court finds no merit in the fiscal court's other contentions.

The judgment is affirmed.

All concur.

1. The 1974 legislature made several amendments to the statutes governing the imposition of permissive school taxes. The levy and recall of taxes may be made by a single school district, and the recall and election will apply only to that district.